MAX N. TOBIAS, JR., Judge.
 

 hThe defendants/relators, Aztec Facility Services, Inc. and Liberty Mutual Insurance Company (hereinafter collectively referred to as “Aztec”), seek review of a judgment rendered by the district “8” workers’ compensation judge converting a previously granted order for suspensive appeal by Aztec to a devolutive appeal. For the reasons that follow, we grant Aztec’s motion for supervisory writs and vacate the decision of the Office of Workers’ Compensation (“OWC”) judge converting the suspensive appeal to a devolutive appeal. We further determine that Aztec’s appeal is devolutive.
 

 By judgment dated 23 March 2009, the trial court in the OWC rendered a final judgment in favor of the respondent/plaintiff, Mary Robertson (“Robertson”), and against Aztec, awarding workers’ compensation benefits, penalties, attorney’s fees, and costs. A notice of judgment was issued by the trial court on 25 March 2009. On 29 April 2009, pursuant to La. R.S. 13:850, Aztec filed by facsimile transmission a motion for suspensive appeal that was confirmed by the timely filing of the original motion for suspensive appeal in the record in the OWC on 1 |2May 2009. By order signed and dated 18 May 2009, the trial judge granted Aztec’s motion for suspensive appeal and set an appeal bond of $40,000.00. Robertson thereafter filed a motion to dismiss the suspensive appeal, asserting that Aztec had untimely requested a suspensive appeal. Following a hearing on 20 July 2009, by judgment dated 27 July 2009, the trial judge converted Aztec’s
 
 *494
 
 appeal to a devolutive appeal. Although not entirely clear from the limited record before us, we presume that Aztec had timely posted its suspensive appeal bond pursuant to the 18 May 2009 order; if Aztec had not, by operation of law no suspensive appeal existed and the need for Robertson to file a motion asserting that the appeal was devolutive would be unnecessary. Aztec timely applied for supervisory writs to this court seeking emergency review of the trial court’s order converting its suspensive appeal to a devolutive appeal.
 

 La. C.C.P. art. 2088, relative to the divesting of the trial court of jurisdiction of an appealable judgment, states:
 

 A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
 

 (1) Allow the taking of a deposition, as provided in Article 1438;
 

 . (2) Extend the return day of the appeal, as provided in Article 2125;
 

 (3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
 

 |s(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
 

 (5)Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
 

 (6) Grant an appeal to another party;
 

 (7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
 

 (8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
 

 (9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
 

 (10) Set and tax costs and expert witness fees.
 

 B. In the case of a suspensive appeal, when the appeal bond is not timely filed and the suspensive appeal is thereby not perfected, the trial court maintains jurisdiction to convert the suspensive appeal to a devolutive appeal, except in an eviction case.
 

 It is clear from the literal language of article 2088 that the trial court did not have jurisdiction to grant the judgment converting Aztec’s suspensive appeal to a devolutive appeal once Aztec timely posted the appeal bond. Therefore, the 27 July 2009 judgment was of no effect and it was error for the trial court to entertain Robertson’s motion. Only an appellate court of this state has authority to determine whether Aztec’s appeal should be converted to a devolutive appeal once the appeal bond is timely posted. We therefore vacate the 27 July 2009 judgment of the trial court.
 

 As to the merits of the issue, in the interest of justice, to obviate the need for a party in this case to file an application for supervisory writ to have us determine whether Aztec’s appeal is suspensive or devolutive, and to expedite a decision of |4the issue, we now proceed to determine whether Aztec’s appeal should be converted to a devolutive appeal.
 
 See
 
 La. C.C.P. art. 2164.
 

 
 *495
 
 The issue is what is the time delay for filing a motion for suspensive appeal from a final judgment of the OWC when no motion for new trial has been sought by a party. Aztec asserts that it is thirty-seven days (thirty days pursuant to La. C.C.P. art. 2123
 
 [1]
 
 plus seven days pursuant to La. C.C.P. art. 1974
 
 [2]
 
 ); Robertson asserts the period is thirty days (pursuant to La. R.S. 23:1310.5). Aztec’s motion for appeal was filed thirty-five days after the date the notice of judgment was mailed (25 March 2009 through and including 29 April 2009).
 

 In pertinent part, La. R.S. 23:1310.5 states:
 

 B. The decision of the workers’ compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an ap-pealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this [^Chapter. The delay for filing an appeal when a motion for new trial has been filed shall be governed by the Louisiana Code of Civil Procedure. [Emphasis supplied.]
 

 In
 
 Davis v. Wal-Mart Stores, Inc.,
 
 44,-621 (La.App. 2 Cir. 4/22/09), 11 So.3d 63,
 
 unit denied,
 
 09-1012 (La.6/19/09), 10 So.3d 744, our brethren on the Second Circuit held that Acts 2003, No. 709, which added the highlighted language above, was intended to make a distinction in workers’ compensation cases between those cases where a motion for new trial had been filed and those cases where no motion for new trial had been filed. The court held that time delay for a suspensive appeal in a workers’ compensation case was thirty days if no motion for new trial was filed by a party.
 

 We agree with our brethren on the Second Circuit, and certainly for the purpose of consistency between the circuit courts of appeal of this state, that the time delay for filing a suspensive appeal of a final judgment of a workers’ compensation judgment if no motion for new trial is filed is thirty days.
 
 [3]
 
 That is, if | fia party does not file a motion for new trial in a workers’ compensation case, the time delay for appealing (whether suspensively or devolutively) commences as of the day the notice of judgment is issued.
 

 
 *496
 
 Therefore, Aztec’s motion was untimely for purposes of obtaining a suspensive appeal but timely for purposes of a devolu-tive appeal. Accordingly, Aztec’s appeal is converted to a devolutive appeal.
 

 WRIT GRANTED; TRIAL COURT JUDGMENT VACATED; APPEAL CONVERTED TO DEVOLUTIVE APPEAL; RENDERED.
 

 [1]
 

 .La. C.C.P. art. 2123 states in pertinent part:
 

 A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
 

 (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
 

 (2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
 

 [2]
 

 . La. C.C.P. art. 1974 states:
 

 The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
 

 [3]
 

 . In reaching our conclusion herein, we have reviewed the legislative history of Acts 2003, No. 709 of the Louisiana Legislature.
 

 Originally, our law did not allow for motions for new trial in workers’ compensation
 
 *496
 
 cases after jurisdiction for hearing workers' compensation cases was removed from district courts and transferred to the OWC. Acts 2001, No. 361 granted a judge of the OWC the right to receive and rule upon a new trial motion in a workers' compensation case. Acts, 2003, No. 709, which began as House Bill No. 1294, was considered by the legislature with the notation on the engrossed bill, in pertinent part, from the House Legislative Services (constituting no part of the act) that stated:
 

 Present law
 
 states that unless an appeal is made to the appropriate circuit court judge, a workers' compensation judge’s decision is final. An appeal which suspends the effect of an appealable judgment or order must be filed within thirty days. An appeal that does not suspend the effect of the judgment must be filed within 60 days. The delay for filing an appeal begins to run on the day after the judgment is signed or after the district office has mailed the notice of judgment as required by Louisiana Code of
 
 Civil
 
 Procedure Article 1913, whichever is later.
 
 Proposed law
 
 retains
 
 present law
 
 but clarifies that appeals shall be filed within 30 or 60 days, respectively, after a judgment or motion for new trial is denied.
 
 Proposed law
 
 further provides that the Louisiana Code of Civil Procedure govern the delays for filing an appeal as affected by a new trial.
 

 * * *
 

 Summary of Amendments Adopted by House
 
 Committee Amendments Proposed by
 
 House Committee on Labor and Industrial Relations
 
 to the
 
 original
 
 bill.
 

 1. Deletes provision that an appeal must be filed within certain time periods after a judgment or motion for new trial is denied.
 

 2. Provides that in the event a motion for new trial is filed, the delay for filing an appeal shall be governed by the Code of Civil Procedure.