WELCH, J.
| ¡Plaintiff, Bryant A. Ashton, appeals a summary judgment rendered by the Office of Workers’ Compensation (OWC) in favor *750 of defendants, United Parcel Service (UPS) and Liberty Mutual Insurance Company (Liberty Mutual), and dismissing his workers’ compensation claim with prejudice. Also before this court is a motion filed by UPS seeking to dismiss the appeal as untimely. For the reasons that follow, we grant the motion and dismiss the appeal as untimely.
BACKGROUND
On May 9, 2012, Mr. Ashton filed a disputed claim for compensation (Form 1008) in the Office of Workers’ Compensation against a number of defendants, including his former employer, UPS, and its workers’ compensation insurer, Liberty Mutual.[1] Mr. Ashton claimed he was injured on February 13, 2012, while lifting and delivering wine to a customer, reported the injury to his supervisor on February 16, 2012, and was terminated without cause on that day.
The disputed compensation claim was filed in OWC District 6, Covington. On May 10, 2012, the workers’ compensation judge (WCJ) voluntarily recused herself. An order issued by the Chief WCJ of the OWC appointed WCJ Robert Varnado of District 8, New Orleans, to handle the matter. The order further provided that the matter would be heard in the District 6 office and that all filings shall remain directed to OWC District 6.
UPS and Liberty Mutual filed a motion for summary judgment, which was heard and taken under advisement. On December 21, 2012, a judgment was signed by the WCJ granting the motion for summary judgment and dismissing Mr. Ashton’s claim against defendants for workers’ compensation with prejudice.[2] A | ¡¡letter titled “Notice of Signing of Final Judgment” was mailed to all counsel of record on December 27, 2012, informing them that a final judgment had been entered on December 21, 2012, that new trials are permitted, and of the specific time delays regarding appeals. The notice incorrectly stated that the parties could submit their appeals to the Fourth Circuit Court of Appeal.
Mr. Ashton filed a motion for a new trial The motion for a new trial contains two stamp dates reflecting that on March 14, 2013, it was received in OWC District 8 and that on April 1, 2013, it was received in District 6. In the motion for new trial, Mr. Ashton alleged that at the time the judgment was forwarded to his attorney, his attorney was physically incapacitated, needed medical attention until January 21, 2013, and did not get an opportunity to respond to the signed judgment. The motion for new trial contains a certificate stating that the motion was mailed to counsel for defendants on January 30, 2013.
On February 4, 2013, UPS and Liberty Mutual filed an opposition to the motion for new trial asserting that it was not timely filed. Defendants submitted that because notice of the judgment was mailed on December 27, 2012, the delay for filing a motion for new trial elapsed on January 4, 2013, and Mr. Ashton’s motion, which was not filed by that date, was untimely.
On March 19, 2013, the trial court denied the motion for a new trial. On March 22, 2013, Mr. Ashton filed a motion and order for devolutive appeal in OWC District 6. The motion for appeal was granted on March 25, 2013, and made returnable to the Fifth Circuit Court of Appeal. Coun *751 sel for UPS and Liberty Mutual informed the OWC judge by letter that this matter arose out of District 6 and was therefore returnable to the First Circuit Court of Appeal. The appeal was lodged in this Court on September 19, 2013,
On September 25, 2018, UPS filed a motion to dismiss the appeal. Thereafter, this court issued a Rule to Show Cause Order directing the parties to |4file briefs on the issue of the timeliness of the appeal.
In response to the order, defendants argue that although the motion for a new trial bears stamp dates of having been received in the OWC offices on March 14, 2013, and April 1, 2013, it is undisputed that the earliest date on which the motion for a new trial could have been filed is January 30, 2013, as the certificate on the motion indicates it was mailed to counsel for defendants on that date. Defendants submit that the motion for new trial was untimely because it was not filed within seven days from the date notice of the judgment was mailed as required by La. C.C.P. art. 1974. They further rely on La. R.S. 23:1310.5, which addresses appeals of workers’ compensation matters, and provides that a devolutive appeal must be filed within 60 days and commences to run on the day after the judgment was signed or the day after notice of the judgment was mailed, whichever is later. According to defendants, the delay for filing a devolu-tive appeal began to run on December 28, 2013, and ended on February 25, 2013, and Mr. Ashton’s motion for appeal, filed on March 18, 2013,[3] was untimely.
In his brief, Mr. Ashton insists that the exact date of the filing of the motion for new trial remains unclear. He suggests that while the record may not demonstrate it, the OWC could have received the motion for a new trial on or before the seven day delay set forth in La. C.C.P. art. 1974, despite the file dates stamped thereon. Mr. Ashton contends that any uncertainty as to the date of the filing of the motion for new trial and the subsequent motion for an appeal must be resolved in favor of. the right to appeal. He further asks this court to apply the doctrine of equitable tolling to find that the motion for an appeal was timely filed.
On March 13, 2014, another panel of this court referred the Rule to Show Cause and the motion to dismiss the appeal to the panel to which the appeal was ^assigned. Ashton v. United Parcel Service, 2013-1617 (La.App. 1st Cir.3/13/14) (unpublished order).
DISCUSSION
The delay for taking an appeal of the decision of a WCJ is set forth in La. R.S. 23:1310.5B. It states as follows:
The decision of the workers’ compensation judge shall he final unless an appeal is made to the appropriate court of appeal.. An appeal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for tiling an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed notice of the judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chap *752 ter. The delay for filing an appeal when a motion for a new trial has been filed shall be governed by the Louisiana Code of Civil Procedure.
Pursuant to La. R.S. 23:1310.5, the delay for filing a devolutive appeal when a motion for a new trial has been filed is governed by the Louisiana Code of Civil Procedure. Louisiana Code of Civil Procedure Article 1974 provides that the delay for applying for a new trial shall be seven days, exclusive of legal holidays, which commences to run on the day after the clerk has mailed notice of the judgment. In this case, the judgment was mailed to the parties on December 27, 2012. The seven-day delay for filing a motion for a new trial commenced on December 28, 2012, and expired on January 9, 2013. Even if we were to consider January 30, 2013, as the date of the filing of the motion for a new trial (the date the motion indicates it was served on opposing counsel), rather than the stamped dates of March 14 or April 1, 2013, the motion for new trial was untimely because it was filed well beyond the seven-day delay as provided in La, C.C.P. art. 1974.
An application for a new trial does not interrupt the delay for applying for a new trial or the delays for appealing unless the application is timely, even if the trial court does not recognize the motion as untimely. Everett v. Baton Rouge Student Housing, L.L.C., 2010-0856 (La.App. 1st Cir.5/6/11), 64 So.3d 883, 886, writ denied, 2011-1169 (La.9/16/11), 69 So.3d 1149; Nelson v. Teachers’ Retirement System of Louisiana, 2010-1190 (La.App. 1st Cir.2/11/11), 57 So.3d 587, 590. Because of the lack of a timely filed motion for a new trial, the delays for filing a motion and order of appeal were not interrupted, and the 60-day period for filing a motion for a devolutive appeal set forth in La. R.S. 23:1310.5B commenced on the day after the mailing of the notice of the judgment. Thus, the appeal delay commenced on December 28, 2012, and ended on February 25, 2013, well before the motion for a devolutive appeal was received in the OWC on March 22, 2013. Accordingly, Mr. Ash-ton’s appeal was not timely filed.[4]
Mr. Ashton asks this court to apply the doctrine of equitable tolling to excuse his counsel’s late filing of the motion for a new trial and subsequent motion for an appeal. He contends that after the notice of the judgment was mailed, his attorney became ill and was not in a position to promptly file the motion for a new trial. Mr. Ashton claims that his attorney’s illness affected her work up to January 21, 2013, and created “an extraordinary circumstance required for equitable tolling application.”
The doctrine of equitable tolling preserves a plaintiff’s claims when strict application of a statute of limitations would be inequitable. Lambert v. United States, 44 F.3d 296, 298 (5th Cir.1995). In Louisiana, the doctrine of contra non valentem is a jurisprudential doctrine under which prescription on a cause of action may be suspended. Jenkins v. Starns, 2011-1170 (La.1/24/12), 85 So.3d 612, 623. We conclude that these equitable principles, which are invoked to suspend liberative prescriptive periods for asserting causes of action, are not applicable with respect to appeal delays allowed by law.
17An appeal is taken by obtaining an order therefore, within the delay allowed, from the court which rendered the *753 judgment. La. C.C.P. art. 2121. The appeal delays set forth by law are not prescriptive periods that are subject to interruption; rather, these time limits are jurisdictional. An appellant’s failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal, nor any other court, has the jurisdictional power to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Everett, 64 So.3d at 886. Although we recognize that appeals are generally favored in the law, because Mr. Ashton failed to file this devolutive appeal within the delays allowed by law, this court is -without jurisdiction to hear this appeal. See Nelson, 57 So.3d at 590.
CONCLUSION
For the above and foregoing reasons, the motion to dismiss the appeal is granted and the appeal is dismissed as untimely. All costs of this appeal are assessed to appellant, Bryant A. Ashton.
MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED.

. UPS employees who were sued individually on claims of harassment and retaliatory discharge were dismissed from the proceedings in the OWC on July 25, 2012.

. The summary judgment also dismissed defendant International Brotherhood of Teamsters.

. Although the motion for appeal bears a stamp date indicating it was received in the OWC on March 22, 2013, the March 18, 2013 date referred to in defendants' brief appears to have been taken from the certificate of service on the motion for appeal indicating that the motion was served on opposing counsel on that date.

. Even if we were to apply the appeal delay set forth in La. C.C.P. arts. 1974 and 2087, which together allow 67 days to file a motion for appeal, the result would be the same, as the 67th day would lapse on March 11, 2013, making the motion for appeal untimely.