DRAKE, J.
li>The plaintiff, Tyrone Shropshire, appeals a judgment rendered by the Office of Workers’ Compensation (“OWC”) in favor of the defendant, ANCO Installation (“ANCO”) and ANCO’s workers’ compensation insurer, Insurance Company of the State of Pennsylvania, dismissing his workers’ compensation claim with prejudice. Also before this court is a motion filed by ANCO to dismiss the appeal as untimely. For the reasons that follow, we deny the motion and affirm the judgment of the OWC.

FACTS AND PROCEDURAL HISTORY

Mr. Shropshire was employed by ANCO. Mr. Shropshire claims he suffered permanent injuries in an accident on October 23, 1998, while in the course and scope of his employment with ANCO. ANCO disputed whether an accident occurred and whether Mr. Shropshire was unable to perform the duties of his occupation.
In June 2010, Shropshire, ANCO and its workers’ compensation insurer entered into a compromise agreement, “Joint Petition for Authority to Compromise Workmen’s Compensation Claim,” and an Order of Approval. The Order of Approval was signed by the workers’ compensation judge (“WCJ”) on June 25, 2010. The documents included language that recited Mr. Shropshire was to receive $5,381.00 per month for twenty-six years “to settle the future medical aspect part of the claim.” Other documents reflected that the payment was to be $5,381.00 per year.[1]
Neither ANCO nor its insurer ever paid Mr. Shropshire $5,381.00. In July 2012, Mr. Shropshire filed a Form 1008 Disputed Claim for Compensation with the OWC seeking a monthly payment, to which he alleged he was entitled. ANCO |sand its insurer answered, asserting that the payment of $5,381.00 per month was a typographical error and that the Order should be amended to reflect payments due of $5,381.00 per year.[2]
The matter came for hearing before the OWC in February 2014. The WCJ found the payments per month to be a typographical error and amended the Order of Approval to substitute the word “annually” *604 in place of the word “monthly” everywhere the word “monthly” appeared in the settlement agreement and Order of Approval dated June 25, 2010. The WCJ also held that Mr. Shropshire willfully made false statements and representations for the purpose of obtaining additional benefits, in violation of La. R.S. 23:1208. Accordingly, the WCJ voided the annuity set up to pay the settlement and relieved third parties and their assignees from further obligation to pay Mr. Shropshire.[3]
The WCJ signed a judgment on February 24, 2014. The notice of judgment was mailed on February 26, 2014, via certified mail, which was received by Mr. Shropshire on March 3, 2014. Mr. Shropshire filed a request for an appeal on May 5, 2014. After Mr. Shropshire’s appeal was lodged and the parties’ briefs were submitted, ANCO filed a motion to dismiss the appeal on the grounds that it was filed untimely under La. R.S. 23:1310.5(B).

LAW AND DISCUSSION

ANCO’s Motion to Dismiss

At issue first is whether Mr. Shropshire, a pro se litigant, timely filed his workers’ compensation appeal, considering (i) appeal delays in workers’ compensation cases as authorized by La. R.S. 23:1310.5(B), and (ii) the notice of | Judgment that purports to give the sometimes longer delays provided by La. C.C.P. arts. 2087 and 2123.
The delay for taking an appeal of the decision of a WCJ is set forth in La. R.S. 23:1310.5(B). It states as follows:
The decision of the workers’ compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an ap-pealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chapter. The delay for filing an appeal when a motion for new trial has been filed shall be governed by the Louisiana Code of Civil Procedure. [Emphasis added.]
ANCO argues that Shropshire’s appeal is untimely filed because La. R.S. 23:1310.5(B) provides that a devolutive appeal in a workers’ compensation case must be filed within sixty days of the notice of judgment, except when a motion for new trial is filed. Where a motion for new trial is filed, the delays provided by La. C.C.P. arts.2087 or 2123 apply. ANCO points out that La. R.S. 23:1310.5(B) provides no extension of appeal delays where no motion for new trial is sought.
When no new trial is sought, the delay for appealing is thirty or sixty days, respectively, without regard for new trial delays. The customary delays allowed for new trials and appeals in ordinary civil cases apply in a workers’ compensation case only when a party actually files a motion for new trial. When no motion for new trial is filed in a workers’ compensa *605 tion case, the delay for appeal does not incorporate any delay for filing a motion for new trial. See Davis v. Wal-Mart Stores, Inc., 44,621 (La.App. 2 Cir. 4/22/09), 11 So.3d 63, 64-65, writ denied, 2009-1012 (La.6/19/09), 10 So.3d 744. If a party does not file a motion for new trial in a workers’ compensation case, the time delay for appealing (whether suspensively or devolutively) commences as of the day the notice of judgment is | ^issued. Robertson v. Aztec Facility Services, Inc., 2009-1134 (La.App. 4 Cir. 8/21/09), 20 So.3d 492, 495; see also Ashton v. United Parcel Service, 2013-1617 (La.App. 1 Cir. 6/6/14), 147 So.3d 748 (wherein this court recognized and applied La. R.S. 23:1310.5(B) as written to a different legal issue).
A sixty-day delay from the mailing of the notice of judgment (February 26, 2014) would be April 28, 2014 (since April 27, 2014 was a Sunday). Mr. Shropshire filed his order for appeal on May 5, 2014, the Monday of the next week. Thus, Mr. Shropshire did not file his order for appeal within the delays provided by La. R.S. 23:1310.5(B).
We note, however, Mr. Shropshire did file his order for appeal within the delays provided in the notice of judgment. The OWC’s notice of judgment gave Mr. Shropshire an instruction contrary to La. R.S. 23:1310.5(B).[4] In addition to informing him that a judgment was signed on February 24, 2014, the notice instructed him:
If you do not file an appeal within the time delays allowed by law pursuant to La. C.C.P. Arts. 2087 and 2123, this judgment will become final.
Louisiana Code of Civil Procedure article 2087(A) provides as follows:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
1 (¿Louisiana Code of Civil Procedure article 1974 provides as follows:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Mr. Shropshire filed his order for appeal on May 5, 2014. If the appeal delays in Article 2087 control, as provided in the notice of judgment, Mr. Shropshire had until approximately May 7, 2014, to request an appeal.[5] However, as noted *606 above, if the workers’ compensation appeal delays in La. R.S. 23:1310.5(B) control, Mr. Shropshire had until April 28, 2014, to request an appeal.
A notice that provides materially incorrect information does not constitute legally-sufficient notice as required by due process. As stated by our supreme court, “[t]he fundamental requirement of procedural due process is notice and the opportunity to be heard at a meaningful time and in a meaningful manner.” Hamilton v. Royal International Petroleum Corp., 2005-846 (La.2/22/06), 934 So.2d 25, 32, cert. denied, 549 U.S. 1112, 127 S.Ct. 937, 166 L.Ed.2d 704 (2007). Prior to an action that will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a state must provide “notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795, 103 S.Ct. 2706, 2709, 77 L.Ed.2d 180 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).
There is no requirement in the Code of Civil Procedure that a trial court or the OWC provide information regarding further review of its decision in a notice of judgment. See La. C.C.P. art. 1913. However, when a notice of judgment ^provides inaccurate information that informs an unsuccessful party that he has more -time than the law allows to pursue his suit on appeal, such notice can hardly be called meaningful nor is such notice reasonably calculated to afford a party an opportunity to present his objections.
We recognize that no one may avail himself of ignorance of the law. La. C.C. art. 5. We also note that equitable principles (of equitable tolling and contra non valentem), which are invoked to suspend liberative prescriptive periods for asserting causes of action, are not applicable with respect to appeal delays allowed by law. Ashton, 147 So.3d at 752. Due process of law, however, is guaranteed by both the Fourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Louisiana State Constitution. Our supreme court has held that in order for a person whose rights may be affected by state action to be afforded due process of law, that person must first be notified; furthermore, it is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner. In re Adoption of B.G.S., 556 So.2d 545, 549 (La.1990).
Mr. Shropshire is a pro se litigant. The notice of judgment mailed to him incorrectly instructed him that he had appeal delays as provided in La. C.C.P. art.2087 when such delays were legally limited to sixty days as provided by La. R.S. 23:1310.5(B). Mr. Shropshire filed his order of appeal beyond the sixty days provided by La. R.S. 23:1310.5(B), but within the delays provided by La. C.C.P. art.2087, as stated in the notice of judgment. Accordingly, we hold that the notice of judgment was ineffective and insufficient to comport with the requirements of due process. ANCO’s motion to dismiss is hereby denied.

\Shropshire’s Appeal

Appellant’s Brief

ANCO asserts that this court should not consider this appeal due to Mr. Shropshire’s failure to comply with Uniform Rules-Courts of Appeal, Rule 2-12.4, which requires that an appellant’s brief contain a jurisdictional statement, concise statement of the case, assignments of alleged errors, listing of issues presented for *607 review, argument, and record references, amongst other requirements. Rule 2-12.4(B)(4) also requires that “[a]ll assignments of error and issues for review must be briefed. The. court may consider as abandoned any assignment of error or issue for review which has not been briefed.”
Mr. Shropshire’s brief is not in compliance with the requirements of Rule 2-12.4. It is a six-page handwritten document with no assignments of error, no record references, no briefing of arguments, and no jurisdictional statement. Despite this, the courts of this state have considered briefs in improper form when filed by pro se claimants. See Richardson v. North Oaks Hosp., 11-1258 (La.App. 1 Cir. 2/13/12), 91 So.3d 361, 364-65. Accordingly, because Mr. Shropshire is representing himself, we consider the merits of the appeal, despite the improper form of his appellant brief.[6]

Merits of Appeal

The WCJ addressed two issues at the trial on the merits: (1) the amendment of the Order of Approval judgment due to a typographical error; and (2) fraud pursuant to La. R.S. 23:1208.
Factual findings in a workers’ compensation case are subject to the manifest error-clearly wrong standard of review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact | nwas right or wrong, but whether the fact finder’s conclusion was a reasonable one. Thus, if the fact finder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. When there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Pitre v. Buddy’s Seafood, 2011-0175 (La.App. 1 Cir. 8/16/12), 102 So.3d 815, 820, writ denied, 2012-2058 (La.11/16/12), 102 So.3d 41.
First, the WCJ had to decide whether the settlement agreement and Order of Approval contained a typographical error; that is, whether the structured payments for Mr. Shropshire’s medical benefits were to be made monthly or annually. After hearing from the witnesses and considering the documentary evidence in the record, the WCJ, in her written reasons for ruling, held:
Considering all the evidence, especially the Medicare Set Aside information, and the testimony of the witnesses, it was clear to the Court there was an error in the settlement documents and the payments were agreed to be paid annually, not monthly.
The WCJ, pursuant to La. C.C.P. art. 1951 — which provides that a modification of a judgment can be made at any time to alter the phraseology of the judgment, but not the substance, or to correct an error of calculation — amended the June 25, 2010 settlement agreement and Order of Approval to substitute the word “annually” in place of the word “monthly” everywhere the word “monthly” appeared in those documents. Based on our review of the record, we are unable to say the WCJ erred in determining the settlement agreement and Order of Approval contained typographical errors. The WCJ’s ruling is reasonable and supported by the record.
Next, the WCJ had to decide whether Mr. Shropshire committed fraud pursuant to La. R.S. 23:1208. Section 1208 forbids *608 any person from willfully making false statements or representations to obtain workers’ compensation ^benefits. La. R.S. 23:1208(A). Upon a determination of fraud by a WCJ, a person in violation of Section 1208 forfeits any right to workers’ compensation benefits. La. R.S. 23:1208(E). In her written reasons for ruling, the WCJ stated:
The next issue was whether Mr. Shropshire committed 1208/Fraud for the purpose of obtaining benefits by testifying to another “side” agreement to make payments monthly as well as annually between he and Mr. Maher. This scenario was solely supported by the settlement document petition and order and Mr. Shropshire’s testimony. The Court found Mr. Shropshire’s testimony totally unbelievable, failing to contain any element of truth in this regard. The Court was clearly convinced Mr. Shropshire fabricated the story about an additional settlement negotiated between him and Mr. Maher for the purpose of obtaining benefits clearly unsupported by any other documentation. Mr. Shropshire attempted to convince the Court his deposition testimony was falsely transcribed as well. The Court found he deliberately misrepresented the facts of his settlement negations [sic] for the purpose of obtaining additional benefits. It was very clear from the medical records, all records surrounding the settlement negotiations, including a notation in Mr. Shropshire’s own handwriting, as well as Mr. Maher’s testimony, he would never have remotely been entitled to $5,000 a month in medical expenses.
Due to Mr. Shropshire’s deliberate misrepresentation of the settlement negotiations, all Workers’ Compensation benefits are forfeited from the date of the deposition, August 13, 2013 forward.
Based on our review of the record, we are unable to say the WCJ erred in determining that Mr. Shropshire committed fraud pursuant to La. R.S. 23:1208. The WCJ’s ruling is reasonable and supported by the record.

DECREE

Based on the foregoing, the motion to dismiss the appeal filed by the defendant/appellee, ANCO Installation, is hereby denied. The February 24, 2014 final judgment of the Office of Workers’ Compensation is hereby affirmed. All costs of this appeal are cast equally to the parties.
MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED.

. The record indicates that the Order of Approval was never appealed. Further, no motion for new trial was filed.

. ANCO answered on September 5, 2012. ANCO amended its answer on April 11, 2013, and filed a motion to amend judgment.

. Ringler & Associates is a structured settlement broker licensed to prepare annuities for insurance companies and clients. Here, Rin-gler prepared the annuity documentation and provided it to the settlement parties to obtain the annuity policy with American General Life Insurance Company.

. The OWC notice of judgment also has at least two other problematic statements. The notice says that it is given pursuant to La. C.C.P. art. 1951. Article 1951 deals with the amendment of judgments. Article 1913 addresses notice of judgments. Furthermore, the notice appears to provide that a motion for new trial must be mailed within seven days after the notice of judgment is mailed, pursuant to La. C.C.P. art. 1974. As noted herein, Article 1974 allows a delay of seven days, exclusive of legal holidays, to file a motion for new trial.

. The notice of judgment was sent on February 26, 2014. The new trial delay, seven days exclusive of holidays, expired on March 7, 2014. The suspensive appeal delay, sixty days, expired May 7, 2014.

. We note that Mr. Shropshire was represented by counsel at trial, but his attorney subsequently withdrew.