

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1201

CHRISTOPHER A. BAILEY (D), ET AL.

VERSUS

DR. MICHAEL LOEWE, ET AL.

Judgment Rendered:____**JUL 2 3 2020**____

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court

In and for the Parish of East Baton Rouge

State of Louisiana

Suit No. C666038

The Honorable William Morvant, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Alicia Brisco Bailey<br>Baton Rouge, LA | Plaintiff/Appellant<br>In Proper Person |
| Thomas Temple<br>Kelsey A. Clark<br>Baton Rouge, LA | Counsel for Appellee/Plaintiff<br>Dr. Matthew Guillory |
| Patricia A. Bethancourt<br>Karen M. Fontana | Counsel for Appellee/Plaintiff<br>Lannis L. Tynes, MD |

\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., LANIER, AND BURRIS[1], JJ.

---

[1] Judge Burris is serving *pro tempore* by special order of the Louisiana Supreme Court.

**LANIER, J.**

Plaintiff/appellant, Alicia Brisco Bailey, appeals the judgment of the Nineteenth Judicial District Court, which granted the exception raising the objection of prescription in favor of the defendant/appellee, Dr. Lannis Lee Tynes, thereby dismissing Ms. Bailey's matter before the Louisiana Patient's Compensation Fund with prejudice. For the reasons that follow, we affirm.[2]

## FACTS AND PROCEDURAL HISTORY

Christopher Bailey, Ms. Bailey's son, was afflicted with autism, several vitamin deficiencies, and food allergies. Due to his severe autism, Christopher was marginally verbal, prone to outbursts and intolerable behavior, and required constant close supervision. Due to his food allergies, Christopher required a special diet and medication. On August 12, 2015, Christopher was admitted to Our Lady of the Lake Hospital (OLOL) in Baton Rouge based on a court order by the 19th JDC for protective services due to allegations of abuse and neglect by Ms. Bailey.[3] The physician emergency certificate, naming Dr. Loewe as the examining physician, states that Christopher was found to be schizophrenic as well as autistic, and was behaving violently upon admission. Ms. Finley was the treating nurse practitioner with Dr. Loewe.

---

[2] The judgment on appeal before this court is a judgment in favor of Dr. Tynes, signed by the trial court on August 6, 2019. The judgment in favor of Dr. Guillory is the subject of the appeal in *Christopher A. Bailey (D), et al. v. Dr. Michael Loewe, et al.*, 2019CA0915, before this court. The Tynes judgment was timely appealed by Ms. Bailey on August 26, 2019. The trial court rendered another judgment in favor of Dr. Michael Loewe, Margaret Finley, NP, and Dr. Raynando Banks the same day the Tynes judgment was rendered, and also dismissed those defendants from Ms. Bailey's matter with prejudice. However, that judgment was signed by the trial court on July 31, 2019, separate from the Tynes judgment. Ms. Bailey has not appealed the judgment of July 31, 2019, and therefore that judgment is not before us on appeal. Although Dr. Loewe, Ms. Finley, and Dr. Banks have submitted briefs before this court, they are not parties to the instant appeal.

[3] This order was issued by the same judge who presided over the judgment now on appeal. Ms. Bailey filed a motion to recuse that judge from the proceedings on appeal, and that motion was denied.

2

Dr. Guillory was Christopher's admitting and discharging physician. Upon his discharge on August 17, 2015, Christopher was diagnosed with acute kidney injury and hyperthyroidism. His kidney injury improved through treatment, and to counter the hyperthyroidism, he was withheld methimazole, a medication Christopher had been allegedly taking for hypothyroidism prior to Dr. Guillory's diagnosis of hyperthyroidism. Dr. Guillory recommended additional thyroid tests in the following weeks to determine if Christopher should remain off methimazole or take it at a lower dose.[4] Christopher returned to OLOL for lab work on December 2, 2015. The lab reports do not indicate that Christopher was put back on methimazole.

Dr. Guillory reported that the chief complaint for Christopher's admission to OLOL was "abuse," characterized as neglect by his mother. Due to Christopher not being able to verbalize his medical history, Dr. Guillory relied on the chart to obtain this information and assess the patient. Due to the emergency placement by Louisiana Department of Health and Hospitals, Office of Human Services, Christopher was required to be treated inpatient for 72 hours.

Christopher was treated by Dr. Tynes on August 13, 2015. He reported that, in addition to neglecting him, Ms. Bailey had also beaten Christopher with a baseball bat. He further reported that Christopher was malnourished and had been living without running water in his home. Dr. Tynes observed that while Christopher, who was almost 25 years old at the time, was nonverbal and had childlike behavior, he behaved appropriately without any disturbances. However, due to Christopher's nonverbal behavior and lack of eye contact, Dr. Tynes was unable to assess his attention and concentration to his treatment of him. Christopher did not return to OLOL after his discharge on August 17, 2015.

---

[4] In his report, Dr. Guillory may have used the term "hyperthyroidism" incorrectly in the place of "hypothyroidism." Nevertheless, Dr. Guillory elected to withhold methimazole during Christopher's hospitalization.

3

Dr. Banks, who is not affiliated with OLOL, saw and treated Christopher on March 28, 2016 and April 28, 2016. On the first visit, Dr. Banks assessed Christopher as a patient with autism "on thyroid meds." He characterized Christopher as "large" and not wanting to be examined. Christopher was irritable and would not allow blood to be drawn. The second visit was a follow-up to the first, where he assessed Christopher as a patient "with weight gain." In the notes from both visits, methimazole was not listed as one of Christopher's current medications. Christopher did not return to Dr. Banks for another visit.

Tragically, Christopher passed away on September 6, 2016. Following an autopsy, the coroner reported Christopher's cause of death as "[d]ilated cardiomyopathy associated with morbid obesity," and the manner of death as "[n]atural." Christopher weighed 307 pounds at the time of his death, with a BMI of 40. His heart weighed 500 grams and was marked with congestion. It was reported that Christopher was in some distress after a long walk, and shortly afterward was found to be unresponsive in an empty bathtub.

On August 1, 2017, Ms. Bailey filed a request to convene a medical review panel (MRP) with the Division of Administration. In the request, Ms. Bailey alleged negligence, medical malpractice, and wrongful death associated with the treatment Christopher received at OLOL, which she stated occurred from August 12, 2015, to September 6, 2016. Specifically, Ms. Bailey alleged that Dr. Loewe, Dr. Guillory, Dr. Tynes, and Ms. Finley failed to adequately recognize and evaluate Christopher's physical condition. She further alleged that they failed to administer the proper care in the proper manner, failed to order appropriate testing, and generally failed to conform to the appropriate standards of care. Additionally, Ms. Bailey alleged that Dr. Banks was negligent in his treatment of Christopher for the same reasons.

4

Dr. Tynes filed a peremptory exception raising the objection of prescription on January 3, 2019. In his supporting memorandum, Dr. Tynes stated that he performed no other treatment and had no other contact with Christopher after August 13, 2015, and therefore Ms. Bailey's claims against him were facially prescribed. Following a hearing on July 22, 2019, the same date on which the peremptory exception raising the objection of prescription filed on behalf of Dr. Loewe, Ms. Finley, and Dr. Banks was heard, the trial court signed a judgment on August 6, 2019, granting Dr. Tynes's peremptory exception and dismissing Ms. Bailey's claims against him with prejudice.[5] Ms. Bailey initially filed a notice of intent to file a writ on August 22, 2019, but then filed an appeal on August 26, 2019. This appeal challenges only the judgment signed on August 6, 2019.[6]

## DISCUSSION

An action for medical malpractice sounds in negligence. The plea of prescription must be specifically pleaded and may not be supplied by the court. La.C.C.P. art. 927(B). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Carter v. Haygood*, 2004-0646 (La. 1/19/05), 892 So.2d 1261, 1267-68.

Generally, when evidence is introduced at the hearing on an exception of prescription, the trial court's findings of fact on the issue of prescription are reviewed under the manifest error-clearly wrong standard of review. See *Carter*,

---

[5] The pleadings filed on behalf of Dr. Tynes, Dr. Loewe, Ms. Finley, and Dr. Banks were admitted into evidence.

[6] We note that Ms. Bailey failed to list assignments of alleged error in accordance with Uniform Rules—Courts of Appeal, Rule 2/12/4. However, the courts of this state have considered briefs in improper form when filed by *pro se* litigants. Accordingly, because Ms. Bailey is representing herself, we will consider the merits of the appeal despite the improper form of her brief. See *Shropshire v. ANCO Installation*, 2014-0902 (La. App. 1 Cir. 12/23/14), 168 So.3d 601, 607.

892 So.2d at 1267. However, in a case involving no dispute regarding material facts, but only the determination of a legal issue, the reviewing court must apply the *de novo* standard of review. *Big 4 Trucking, Inc. v. New Hampshire Insurance Company*, 2017-0420 (La. App. 1 Cir. 11/1/17), 233 So.3d 686, 689. The issue of prescription in the instant case revolves around whether Ms. Bailey's request for an MRP is prescribed on its face pursuant to La. R.S. 9:5628. The issue is therefore a legal one and requires a *de novo* review.

Louisiana Revised Statutes 9:5628 states, in pertinent part:

No action for damages for injury or death against any physician ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Prescription statutes are strictly construed against prescription and in favor of maintaining the cause of action. *Request for Medical Review Panel by Wilson v. Whitfield*, 2017-1723 (La. App. 1 Cir. 5/23/19), 277 So.3d 370, 375, writ denied, 2019-0983 (La. 10/1/19), 280 So.3d 157. Thus, if there are two possible constructions, the one which favors maintaining an action, as opposed to barring, should be adopted. *Id.* The general rule regarding the exceptor's burden of proof is that a petition should not be found prescribed on its face if it is brought within one year of the date of discovery and facts alleged with particularity in the petition show that the plaintiff was unaware of the malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent or unreasonable action of the plaintiff. *Id.*

In the instant case, Ms. Bailey alleges that the malpractice occurred from August 12, 2015, until September 6, 2016. In other words, Ms. Bailey claims medical malpractice occurred from the first time Christopher was treated at OLOL

6

until the day of his death. The theory of continuing tort has its roots in property damage cases and requires that the operating cause of the injury be a continuous one which results in continuous damages. *Crump v. Sabine River Authority*, 98-2326 (La. 6/29/99), 737 So.2d 720, 726. A continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act. There must be a continuing duty owed to the plaintiff and a continuing breach of that duty by the defendant for a continuing tort to exist. *Id.*, at 728.

Dr. Tynes's treatment of Christopher was on August 13, 2015. There were no follow-up examinations or subsequent visits, but Christopher did return to OLOL for lab work on December 2, 2015. All of these dates occurred over a year before Ms. Bailey filed her request for an MRP on August 1, 2017. The date of Christopher's death, which did occur less than a year before the filing of the request for an MRP, does not meet the statutory requirement of La. R.S. 9:5628 to arise out of patient care. Christopher did not die while being treated by Dr. Tynes, but instead died at his home over a year later.

Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. *Wilson*, 277 So.3d at 375-76. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start the running of prescription. *Id.*, at 376. When a plaintiff has knowledge of facts strongly suggestive that the untoward condition or result may be the result of improper treatment, and there is no effort by the health care provider to mislead or cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the cause of action is reasonably knowable to plaintiff.

7

Failure to act by a plaintiff for more than one year under these circumstances is not reasonable. The ultimate issue is the reasonableness of the patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendants' conduct. *Id.*, at 376.

It is unclear from Ms. Bailey's request for an MRP when or if she knew or should have reasonably known of any injury stemming from Christopher's medical treatment. Ms. Bailey does appear knowledgeable of her son's medical conditions through the detail given in the request for an MRP, but does not give any specific dates of when she might have discovered any new adverse health conditions in Christopher prior to his death. Mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that the problem may have been caused by acts of malpractice. See *Wilson*, 277 So.3d at 377.

We agree with the trial court that Ms. Bailey's request for an MRP is prescribed on its face, and that Ms. Bailey has presented insufficient evidence to prove that the request is not prescribed. We further note that the trial court did not provide Ms. Bailey a period of time to amend her request in order to cure the prescription issue, if she can. When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934. However, where a plaintiff's cause of action is prescribed on its face, and the plaintiff has the opportunity but fails to offer any evidence at the hearing of a peremptory exception that her claim was filed timely, she has failed to adequately establish that amendment of her petition might remove the grounds of the objection. See *Thomas v. State Employees Group Benefits Program*, 2005-0392 (La. App. 1 Cir. 3/24/06), 934 So.2d 753, 759. See also *Whitnell v. Menville*, 540 So.2d 304, 309 (La.1989).

8

In the instant case, Ms. Bailey neither appeared at the July 22, 2019 hearing, nor did she present any evidence as to why her claim had not prescribed on its face. Therefore, we find no cause to grant Ms. Bailey an opportunity to amend her pleadings pursuant to La. C.C.P. art. 934.

## DECREE

The judgment of the Nineteenth Judicial District Court sustaining the peremptory exception raising the objection of prescription, filed on behalf of defendant/appellee Dr. Lannis Lee Tynes, is affirmed. All costs of this appeal are assessed to plaintiff/appellant, Alicia Brisco Bailey.

**AFFIRMED.**