STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0980

ROYDALL LUMAR

VERSUS

CENTRAL TRANSPORT, LLC AND
CHEROKEE INSURANCE COMPANY

*Judgment Rendered:* APR 2 6 2024

* * * * * * * *

Appealed from the
Office of Workers' Compensation, District 6
Parish of St. Tammany
State of Louisiana
Case No. 21-05193

The Honorable Diane Lundeen,
Workers' Compensation Judge Presiding

* * * * * * * *

Joslyn R. Alex          Counsel for Plaintiff/Appellant
Breaux Bridge, Louisiana    Roydall Lumar

Nathan M. Gaudet       Counsel for Defendants/Appellees
New Orleans, Louisiana     Central Transport, LLC and
                              Cherokee Insurance Company

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

A workers' compensation claimant appeals a final judgment rendered by the State of Louisiana, Office of Workers' Compensation, District 6 after a full trial on the merits. For the following reasons, we dismiss the appeal as untimely.

## FACTS AND PROCEDURAL HISTORY

On March 20, 2020, claimant, Roydall Lumar, was injured during the course and scope of his employment as a delivery driver with Central Transport, LLC. Lumar allegedly sustained injuries to his right arm, shoulders, and cervical spine. Lumar completed choice of physician forms in September 2020 for two orthopedists and one pain management specialist.

Central Transport paid for Lumar's medical care as well as indemnity benefits through August 12, 2021. After Lumar's orthopedists released him to light duty work, Central Transport offered Lumar light duty employment at his pre-accident wage, requesting Lumar return to work on August 13, 2021. On that date, Central Transport filed a Form 1002 (Notice of Payment, Modification, Suspension, Termination or Controversion of Compensation or Medical Benefits) by which it advised that Lumar's indemnity benefits would be suspended as of August 13, 2021, though his medical benefits would "remain open," because Central Transport offered Lumar a position within the restrictions of his treating provider at his pre-injury rate of pay, but "[t]he position was refused."

Soon thereafter, Lumar filed a Form 1008 (Disputed Claim for Compensation) with the Office of Workers' Compensation pursuant to La. R.S. 23:1201.1(A). Lumar alleged that Central Transport improperly terminated his indemnity benefits and denied him his choice of "orthopedist/neurosurgeon." Central Transport and its insurer (collectively referred to as "Central Transport") filed an answer to Lumar's Form 1008 in which they denied Lumar was entitled to continued benefits because Lumar was not temporarily or permanently disabled

2

and averred that all medically necessary and related medical treatment was paid in full.[1] The answer also included affirmative defenses, namely that Central Transport offered Lumar light duty employment at his pre-accident wage yet Lumar did not return to work.

This matter proceeded to trial on January 9, 2023, with Lumar appearing *pro se*. At the close of evidence, the workers' compensation judge ("WCJ") took the matter under advisement and directed the parties to submit post-trial briefs. The WCJ ultimately signed a judgment on March 13, 2023, finding Lumar was injured during the course and scope of his employment with Central Transport and that Lumar's injuries necessitated medical care from orthopedists and pain management specialists. The WCJ concluded that (1) Lumar exercised his right to his choice of orthopedic physician pursuant to La. R.S. 23:1124(B)(1) and Central Transport authorized and paid for same; (2) Lumar was temporarily totally disabled pursuant to La. R.S. 23:1221 for a period of one day and is entitled to temporary total disability benefits in the amount of $86.89 for that day; (3) Lumar was not entitled to any additional indemnity benefits under La. R.S. 23:1221; and (4) Lumar was not entitled to penalties or attorney's fees under La. R.S. 23:1201(F). Notice of the judgment was mailed to the parties on March 17, 2023.

Lumar filed a motion for new trial on April 5, 2023. The WCJ held a hearing on Lumar's motion for new trial on April 28, 2023, and denied the motion as untimely via order signed May 1, 2023.[2] Notice of signing of the order denying Lumar's motion for new trial was mailed on May 4, 2023. Lumar then filed a "motion to have this matter heard [by] supervisory writs" on June 1, 2023. The WCJ considered this filing to be Lumar's "*Motion for Devolutive Appeal*" of the

---

[1] Central Transport later filed an amended answer to assert a new defense in accordance with La. R.S. 23:1208 after Lumar allegedly altered a physician's work status report to have him found temporarily totally disabled in order to obtain additional workers' compensation benefits.

[2] The WCJ also noted there were no grounds to grant a new trial under La. Code Civ. P. art. 1972 or 1973.

3

WCJ's March 13, 2023 final judgment on the merits and ordered the record be prepared and sent to this court.[3] This appeal followed.

## DISCUSSION

Pursuant to La. R.S. 23:1310.5(B), an appeal that does not suspend the effect or execution of an appealable judgment or order must be filed within 60 days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by La. Code Civ. P. art. 1913, whichever is later. La. R.S. 23:1310.5(B). The delay for filing an appeal of a decision of a WCJ when a motion for a new trial has been filed is governed by the Louisiana Code of Civil Procedure. **Id.** Under La. Code Civ. P. art. 1974, the delay for applying for a new trial is seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by La. Code Civ. P. art. 1913. Once the seven-day period for filing a motion for new trial has passed, and no motion for new trial is filed or said motion is untimely filed, the judgment becomes final, and appellate delays begin to run. **Bustamante v. Morales,** 2022-1164 (La. App. 1st Cir. 8/1/23), 371 So.3d 539, 542. An application for new trial does not interrupt the delays for appealing unless the application is timely, even if the trial court does not recognize the motion as untimely. **Ashton v. United Parcel Service,** 2013-1617 (La. App. 1st Cir. 6/6/14), 147 So.3d 748, 752.

In this case, the WCJ's judgment on the merits of Lumar's case was signed on March 13, 2023, and notice of judgment was mailed to the parties on March 17, 2023. Thus, the seven-day timeframe within which to file a motion for new trial

---

[3] See **State, Dept. of Children and Family Services ex rel. A.L. v. Lowrie,** 2014-1025 (La. 5/5/15), 167 So.3d 573, 578 ("The characterization of a pleading by the litigant is not controlling. Pleadings are taken for what they actually are and not for what their authors designate them."); see also **Reed v. Louisiana Horticulture Commission,** 2021-0657 (La. App. 1st Cir. 12/22/21), 341 So.3d 66, 68 n.2, writ denied, 2022-00284 (La. 4/12/22), 336 So.3d 89 ("Generally, where it is clear from the appellant's brief that the appellant intended to appeal a judgment on the merits, along with a judgment denying a motion for new trial, an appellate court will consider the appeal to be an appeal of the judgment on the merits even though the notice of appeal only refers to the judgment denying the motion for new trial.").

4

commenced on March 20, 2023,[4] and expired on March 28, 2023. As noted by the WCJ, Lumar's motion for new trial, which was filed on April 5, 2023, was untimely. See **Id.**

Because of the lack of a timely filed motion for a new trial, the delays for filing a motion and order of appeal were not interrupted, and the 60-day period for filing a motion for a devolutive appeal set forth in La. R.S. 23:1310.5(B) commenced on the day after the mailing of the notice of the judgment. See **Ashton**, 147 So.3d at 752. Thus, the appeal delay commenced on March 18, 2023, and expired on May 16, 2023.[5] See **Id.** Lumar's motion for appeal, filed on June 1, 2023, was likewise untimely.[6] Although we recognize that appeals generally are favored by law, because Lumar failed to appeal within the delays allowed by law, this court is without jurisdiction to consider this appeal. La. R.S. 23:1310.5; **Bustamante**, 371 So.3d at 543. Accordingly, without reaching the merits of Lumar's appeal, we are constrained to dismiss the appeal as untimely.

## CONCLUSION

For the above and foregoing reasons, the appeal is dismissed at Roydall Lumar's cost.

**APPEAL DISMISSED.**

---

[4] The day after March 17, 2023, was a Saturday, which is a legal holiday per La. R.S. 1:55(A)(1) and is expressly excluded from computation of time per La. Code Civ. P. art. 1974. See also La. Code Civ. P. art. 5059(B)(1). The same is true of Sunday. See La. Code Civ. P. arts. 1974 & 5059(B)(1); La. R.S. 1:55(A)(1). Therefore, the delay for filing a motion for new trial began to run on the next day that was not a legal holiday, or March 20, 2023.

[5] The appeal delay began on March 18, 2023, for purposes of calculating the deadline under La. R.S. 23:1310.5(B) because legal holidays are to be included in the computation the 60-day timeframe for filing a notice of appeal, except when it is expressly excluded. See La. Code Civ. P. art. 5059(B)(1). La. R.S. 23:1310.5 does not expressly exclude the inclusion of a legal holiday; therefore, the appeal delay began to run on Saturday, March 18, 2023, and Saturdays and Sundays are included in the calculation.

[6] We acknowledge this court's statement in **Shropshire v. ANCO Installation**, 2014-0902 (La. App. 1st Cir. 12/23/14), 168 So.3d 601, 604, which suggests the devolutive appeal delays set forth in La. Code Civ. P. arts. 1974 & 2087 control "when a party actually files a motion for new trial." Even if we were to apply the appeal delays set forth in Articles 1974 & 2087, which together allow 67 days to file a motion for appeal, the result would be the same, as the 67th day would have lapsed on May 29, 2023, making Lumar's motion for appeal untimely.